# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEOFFREY L. GEPHART and JANELLE M. GEPHART, | CIVIL ACTION |
| Plaintiffs, | |
| v. | COMPLAINT 1:17-cv-00771 |
| THE WIRBICKI LAW GROUP LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COME the Plaintiffs, GEOFFREY GEPHART and JANELLE GEPHART, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, THE WIRBICKI LAW GROUP LLC, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

1

## PARTIES

5. GEOFFREY L. GEPHART and JANELLE M. GEPHART ("Plaintiffs") are natural persons, over 18-years-of-age, who at all times relevant resided at the property commonly known as 36 Woodridge Lane, Streamwood, Illinois 60107.

6. THE WIRBICKI LAW GROUP LLC ("Defendant") is a limited liability company formed under the laws of the State of Illinois. Defendant has a principal place of business located at 33 West Monroe Street, Suite 1140, Chicago, Illinois 60603.

## FACTUAL ALLEGATIONS

7. On February 8, 2012, Plaintiffs executed a mortgage in favor of Ally Bank to secure a promissory note in the amount of $236,600.00.

8. On December 1, 2015, Plaintiffs defaulted on the subject mortgage loan.

9. On December 17, 2015, a bankruptcy case concerning Plaintiffs was filed under Chapter 13 of the United States Bankruptcy Code.[1]

10. The plan filed by Plaintiffs indicated Plaintiffs' intention to surrender the subject property to Ocwen Loan Servicing, LLC and DiTech Financial, LLC in full satisfaction of their claims.

11. On December 8, 2016, Defendant sent Plaintiffs correspondence, which provided, in pertinent part:

    This office is attempting to collect a debt for Ocwen Loan Servicing, LLC.

    \*\*\*

    As of the date of this letter, *you owe $228,893.30*. (emphasis added).

---

[1] Case No. 15-bk-42604 (*In re Geoffrey Laurence Gephart a/k/a Geoffrey L. Gephart and Janelle Marie Gephart a/k/a Janelle M. Gephart*

2

## DAMAGES

12. Defendant's acts and omissions are the proximate causation of Plaintiffs' aggravation, confusion, frustration, inconvenience, and opportunity cost.

### COUNT I – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2) - FALSE OR MISLEADING REPRESENTATIONS

13. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

14. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

15. The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

16. Defendant is a "debt collector as defined by 15 U.S.C. § 1692a(6).

17. Defendant is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

18. Section 362(a)(6) of the United States Bankruptcy Code provides:

    (a)   [A] petition filed … operates as a stay, … of -

          (6)   any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

19. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiffs' mortgage loan - the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 362(a)(6) of the United States Bankruptcy Code.

20. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs request the following relief:

a.     find that Defendant violated 15 U.S.C. § 1692e(2);

b.     award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.     grant any other relief deemed appropriate and equitable.

### COUNT II – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10) - FALSE OR MISLEADING REPRESENTATIONS

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

22. Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect Plaintiffs' mortgage loan – the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 362(a)(6) of the United States Bankruptcy Code.

23. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs request the following relief:

a.    find that Defendant violated 15 U.S.C. § 1692e(10);

b.    award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.    grant any other relief deemed appropriate and equitable.

### COUNT III – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1) - UNFAIR PRACTICES

24.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25.    Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the loan – the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 362(a)(6) of the United States Bankruptcy Code.

26.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

  (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs request the following relief:

a. find that Defendant violated 15 U.S.C. § 1692f(1);

b. award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c. grant any other relief deemed appropriate and equitable.

**Plaintiffs demand trial by jury.**

January 30, 2017              Respectfully submitted,

                     */s/ Joseph Scott Davidson*

                     Joseph Scott Davidson
                     SULAIMAN LAW GROUP, LTD.
                     900 Jorie Boulevard
                     Suite 150
                     Oak Brook, Illinois 60523
                     +1 630-575-8181
                     jdavidson@sulaimanlaw.com

                     *Counsel for Geoffrey L. Gephart and Janelle M. Gephart*