UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEOFFREY L. GEPHART and JANELLE M. GEPHART, <br><br> Plaintiffs, <br><br> v. <br><br> THE WIRBICKI LAW GROUP, LLC, <br><br> Defendant. | No. 17 CV 0771 <br><br> Judge Manish S. Shah |

## ORDER

Defendant's motion to dismiss, [9], is granted. The complaint is dismissed without prejudice. Plaintiffs have leave to file an amended complaint by June 23, 2017. If an amended complaint is not filed, this dismissal will convert to a dismissal with prejudice and final judgment will be entered.

## STATEMENT

Plaintiffs, Geoffrey and Janelle Gephart, bring this action against defendant, The Wirbicki Law Group, LLC, for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Defendant moves to dismiss the complaint.

*Legal Standard*

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *see also Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When the complaint fails to state a claim upon which relief may be granted, a motion to dismiss should be granted. Fed. R. Civ. P. 12(b)(6); *see also Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 781 (7th Cir. 2015). To survive a motion to dismiss, the complaint must provide the defendant with fair notice of a claim's basis and it must be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Courts may only consider "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the

complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Filings and decisions in cases that are related to this action may be judicially noticed. Fed. R. Evid. 201(b); *see White v. Keely*, 814 F.3d 883, 886 n.2 (7th Cir. 2016) (public court documents may be considered with a Rule 12(b)(6) motion). In reviewing the pleadings and any related documents, courts must construe all factual allegations as true and draw all reasonable inferences in the plaintiffs' favor. *Iqbal*, 556 U.S. at 678; *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011), *as amended* (Jan. 3, 2012). Legal conclusions and conclusory allegations do not receive that same treatment. *Id.*

*Facts*

The Gepharts executed a mortgage to secure a promissory note for $236,600.00. [1] ¶ 7.[1] Within a few years, the Gepharts had defaulted on that mortgage loan. *Id.* ¶ 8. In December 2015, the Gepharts filed for bankruptcy. *Id.* ¶ 9; *see also In re Geoffrey Laurence Gephart a/k/a Geoffrey L. Gephart and Janelle Marie Gephart a/k/a Janelle M. Gephart*, No. 15-BK-42604 (Bankr. N.D. Ill. 2015).

In the related bankruptcy case, defendant's client, Ocwen Loan Servicing, LLC, moved for relief from the automatic stay under 11 U.S.C. § 362(d). [9-1] at 1–3. That motion for relief stated, in relevant part: "Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the debtor obtains a discharge and a foreclosure action is commenced or recommended, said foreclosure action will be conducted in the name of Ocwen Loan Servicing, LLC (the noteholder)." *Id.* at 2, ¶ 7. On April 14, 2016, Judge Baer granted that relief and ordered: "Ocwen Loan Servicing, LLC and its principals, agents, successors, and/or assigns are granted relief from the automatic stay provisions of 11 U.S.C. section 362(a) by modifying said stay to permit them to pursue all non-bankruptcy remedies to the property commonly known as 36 Woodridge Lane, Streamwood, IL 60107." [9-2] at 1. The order granting relief from the automatic stay was "immediately enforce[able]." *Id.*

Thereafter, Ocwen filed a complaint to foreclose the Gepharts' mortgage in the Chancery Division of the Circuit Court of Cook County, Illinois. [13-2] at 2; *see also Ocwen Loan Servicing, LLC v. Gepharts et al.*, No. 16-CH-09208 (Ch. Ct. 2016). Judge Simko entered a Judgment of Foreclosure on November 21, 2016, holding: "[Ocwen] is entitled to the relief prayed for in the complaint including foreclosure of said mortgage upon the real estate described therein."[2] [13-2] at 5.

---

[1] Bracketed numbers refer to entries on the district court's docket.

[2] Ultimately, Judge Simko entered an order approving the foreclosure report of sale and distribution and an order of possession and personal deficiency. [13-1] at 2–3.

On December 8, 2016, defendant sent the Gepharts correspondence, which stated, in relevant part: "This office is attempting to collect a debt for Ocwen Loan Servicing, LLC. [. . .] As of the date of this letter, you owe $228,893.30."[3] [1] ¶ 11. The Gepharts allege that defendant violated the United States Bankruptcy Code by falsely representing in the correspondence that the mortgage loan was due, when in fact, it could not be collected at that time pursuant to 11 U.S.C. § 362(a)(6).[4]  *Id.* ¶¶ 19 (citing 15 U.S.C. § 1692e(2)), 22 (citing 15 U.S.C. § 1692e(10)), 25 (citing 15 U.S.C. § 1692f(1).

*Analysis*

Defendant moves to dismiss the complaint for three reasons: (1) the pleadings are deficient; (2) the district court is not the proper forum for this lawsuit; and (3) no violation of § 362(a)(6) occurred because the automatic stay had been lifted.

Defendant argues that the complaint is deficient because it lacks any allegations that are separate from a recitation of the elements of a cause of action. [9] at 5, 7. Defendant says that each count in the complaint merely recites § 1692e(2). *Id.* at 7 (citing [1] ¶¶ 13, 22, 25). Relatedly, defendant argues that the headings that allege violations of §§ 1692e(10) and 1692f(1), but that paraphrase § 1692e(2) in the body of the count, are misleading and they do not give defendant "fair notice of what the claim is." [13] at 3.

Although Counts I, II, and III use similar language, they do not, as defendant

---

[3] There is some uncertainty as to the date of defendant's correspondence. In the motion to dismiss, defendant says: "Plaintiffs' Complaint inaccurately states that the letter was sent December 8, 2016. In fact, the letter was sent July 6, 2016. The error appears to be typographical, because December 8, 2016 is the date that a letter was sent in a different FDCPA case that Plaintiffs' counsel has filed against Wirbicki." [9] at 3 n.1. Defendant included the July 6, 2016 letter as an exhibit to its motion to dismiss; the letter has the same language that plaintiffs' quote from the alleged December 8, 2016 letter. *Compare* [1] ¶ 11 *with* [9-3] at 2, 4. Defendant also explains that it sent the July 6, 2016 letter "as a first communication with the debtor before pursuing an *in rem* foreclosure action." [9] at 4. Plaintiffs do not acknowledge any of defendant's assertions regarding the date of the letter(s); instead, plaintiffs reiterate the December 8, 2016 date for the letter, *see* [12] at 3, but they also refer to defendant's "July 6, 2016 letter," *see* [12] at 7. Both dates occur after April 14, 2016, when Judge Baer granted relief from the automatic stay provision, so the different dates are not material to the outcome of this decision.

[4] The Gepharts are "consumers," under 15 U.S.C. § 1692a(3); defendant is a "debt collector" under § 1692a(6); the mortgage loan is a "debt" under § 1692a(5); and defendant is attempting to collect a debt that is used for "household purposes" under § 1692a(5).

contends, recite verbatim § 1692e(2). [1] ¶¶ 19–20, 22–23, 25–26. In fact, only Count I paraphrases § 1692e(2); by contrast, Count II paraphrases § 1692e(10), and Count III paraphrases § 1692f(1). *Id.* ¶¶ 19, 22, 25. After paraphrasing the relevant subsection that the complaint alleges was violated, all three counts explain that the violation stemmed from defendant's attempt to collect the mortgage loan, "the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 362(a)(6) of the United States Bankruptcy Code." *Id.* Additionally, all three counts quote § 1692k for the proposition that defendant is liable to the Gepharts for its violations of the FDCPA. *Id.* ¶¶ 20, 23, 26. I conclude that these allegations, along with the preceding factual allegations, are sufficient to provide the defendant with fair notice of each claim's bases. *See also Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations omitted) (a plaintiff "need not allege a violation of a specific subsection in order to succeed in a § 1692e case.").

Defendant also moves to dismiss the complaint, asserting that the district court is not the appropriate forum for the Gepharts to bring this challenge and that the Gepharts should pursue these claims in the bankruptcy court, where the bankruptcy case is still pending. [9] at 4. Defendant argues that any violation of the Bankruptcy Code must be pursued in the court where the bankruptcy case is pending. [9] at 8 (citing *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 916–917 (7th Cir. 2001). Violations of the automatic stay should be brought to the attention of the bankruptcy court, particularly if the bankruptcy case remains pending (as it is here), but there is no jurisdictional prohibition on district courts hearing the Gepharts' claims.[5] If the Gepharts sought relief through the Bankruptcy Code, without resort to the FDCPA, then this case would be like *Cox*; but the allegation that a violation of the automatic stay amounts to a violation of the FDCPA makes this case different, and there is no requirement that the Gepharts bring their FDCPA claims in the bankruptcy court. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 731 (7th Cir. 2004) (courts can enforce both the FDCPA and the Bankruptcy Code).

Finally, defendant moves to dismiss the complaint for failure to state an FDCPA claim. The Gepharts allege that defendant violated §§ 1692e(2), 1692e(10), and 1692f(1) by attempting to collect the mortgage loan when it was not legally collectable. Each of the Gepharts' counts are premised on a violation of § 362(a)(6) of the Bankruptcy Code. Section 362(a)(6) provides that the filing of a petition to initiate a bankruptcy case operates as an automatic stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case."

---

[5] A district court would have jurisdiction to hear a claim for damages under 11 U.S.C. § 362(k), *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 482 (4th Cir. 2015), but such an action should be referred to the bankruptcy court as a matter of efficiency.

Since Judge Baer granted relief from the automatic stay before defendant sent the correspondence to the Gepharts, defendant argues that it did not violate § 362(a)(6). [9] at 4. In response, the Gepharts insist that "[a] demand for payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay, it is not." [12] at 2; *see also Randolph*, 368 F.3d at 728). Defendant replies that there is no dispute that the mortgage loan was due when it sent its correspondence to the Gepharts because the bankruptcy court had not entered a discharge order. [13] at 9 (citing [12] at 7 ("when Defendant sen[t] the July 6, 2016 letter to Plaintiffs, the bankruptcy court had not yet issued its discharge order, which means that a contempt action under § 524(a) was not an option for Plaintiffs.")). Additionally, defendant points to the state court's finding that the mortgage loan was due in its Judgment of Foreclosure. *Id.* at 6.

I agree with defendant. Given that the automatic stay was not in effect and a that a discharge order had not been entered when defendant sent correspondence, defendant did not violate § 362(a)(6) as a matter of law. The falsity or unfairness of demands for payment while a debtor is in bankruptcy is premised on the existence of the automatic stay (or a discharge injunction). Without the stay or discharge, the demands are not "false" under § 1692e(2) or § 1692e(10), and not "unfair" under § 1692f(1). Accordingly, I conclude that the Gepharts have failed to state a claim under the FDCPA.

Defendant's motion to dismiss, [9], is granted. The dismissal is without prejudice; the Gepharts have leave to file an amended complaint because "[d]istrict courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). If the Gepharts do not file an amended complaint by June 23, 2017 this dismissal will convert to a dismissal with prejudice and final judgment will be entered.

ENTER:

Date: June 2, 2017

_____
Manish S. Shah
U.S. District Judge